THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, appellant,

*v.*

RUTH C. CHESLEY, administratrix of the estate of William P. Chesley, deceased, respondent.

[Argued December 5th, 1901.  Decided March 3d, 1902.
Filed March 4th, 1902.]

1. When an administrator has neglected to make a final settlement of his account within one year after the granting of letters of administration, any creditor of the estate, whose debt or demand is barred by a decree of

the orphans court, may present a petition for relief to that court, pursuant to section 80 of the Orphans Court act (*P. L. of 1898 p. 743*); thereupon it becomes the duty of the court to investigate the circumstances of the case and the condition of the estate, and if it be made to appear that such delay was unreasonable and without sufficient cause, the court may, by decree, give the creditor relief against any assets in the hands of the administrator, in the way provided by the statute.

2. And when such petitioning creditor has brought himself within the terms of said section of the Orphans Court act, he may lawfully file exceptions to the final account of the administrator, which, if established, would enhance the amount of assets in the hands of such officer.

3. As against the right of the petitioner to the relief thus established, the administrator cannot crave allowance for moneys paid to liquidate the claim of another creditor, that was also barred by the decree. While, under section 68 of the Orphans Court act, the court or surrogate is enjoined to allow to the accountant for the payment of all lawful claims presented within the time limited by the rule to bar, if there be sufficient of the estate to pay such debts of equal degree in full, the administrator cannot, before final settlement, to the detriment of such petitioning creditor, pay the claim of a creditor barred by such decree, without the order or direction of the court.

On appeal from a decree of the ordinary affirming a decree of the Hudson county orphans court, whose opinion is reported in *18 Dick Ch. Rep. 219.*

*Messrs. Lewis, Besson & Stevens,* for the appellant.

*Messrs. Corbin & Corbin,* for the respondent.

The opinion of the court was delivered by

HENDRICKSON, J.

The contest arises in this case between the appellant society, a creditor of the deceased, whose claim is barred by a decree under a rule to bar creditors, and the administratrix, who, in her final account, craves allowance for a claim paid by her which was also barred by such decree. The facts leading up to this controversy are so well stated in the opinion of the ordinary that a general restatement of them will be unnecessary.

The administratrix and her three children were interested, as the widow and heirs of her husband, the intestate, in a parcel

of land of which he died seized. It was encumbered by a mortgage, given to secure the bond of the deceased, known as the Parker bond. They made sale of this land, and in doing so found it necessary to pay the mortgage debt. For the purpose of being exonerated for this payment out of the personal estate of the deceased, they presented claims for their *pro rata* shares thus paid, under oath, to the administratrix, and the same were paid by her out of the funds of the estate. These payments, in four items, appeared upon the credit side of her final account, and, if allowed to stand, would practically absorb the balance of the assets, leaving the appellant's claim unprovided for. The respondent took out letters of administration on October 6th, 1896, but did not file her account with the surrogate until November 20th, 1899. The required oath was attached January 22d, 1900. On March 9th, 1900, the appellant filed a petition in the orphans court setting forth, in due form, its claim as a creditor of the deceased, and alleging a balance due thereon of $2,744. The petition was framed under section 80 of the Orphans Court act (*P. L. of 1898 p. 743*), and, after reciting the facts as to the grant of letters and the decree taken to bar creditors and as to its own claim being barred by the decree, averred, among other things, that the administratrix had neglected to make a final settlement of her account within one year, and that she then had assets in her hands as such administratrix. The petition further prayed the court to make a proper order touching the proof of the claim of the petitioner (if disputed), and for a decree giving it relief against any assets in the hands of the administratrix as might be equitable and just. The appellant thereupon exhibited exceptions to the items showing the payments by the administratrix to herself and children in satisfaction of the Parker bond. The claim made on account of these payments was sworn to November 17th, 1899. The decree barring creditors bears date July 2d, 1897. So, as before stated, the bar of the decree operated against the claims excepted to.

After the hearing of the exceptions the orphans court made decree disallowing the exceptions and allowing the account as stated. One of the grounds of this decision was that the excep-

tions were not legally well founded. From this view the ordinary, on appeal, dissented, although he reached the same result as did the court below, and affirmed the decree. He reviews the question of the *status* of the appellant to file exceptions, and his conclusion was that, by virtue of its petition filed under section 80 of the Orphans Court act, before referred to, it acquired a *status* to file exceptions to the account. We concur in what the ordinary has so well said in the opinion on that point, and also as to the right of an heir who is compelled to pay a debt of a decedent secured upon the land descended to ordinarily be reimbursed out of the personal estate of the deceased. We think, however, that, in denying to the appellant the relief sought, the ordinary has failed to follow his determination as to *status* in favor of the appellant to its logical result.

To start with, it is admitted that the petitioner had brought itself within the terms of section 80; and hence, under the terms of that section, it thereupon became the duty of the court "to investigate the circumstances of the case and the condition of the estate," and if it were made to appear that the delay in failing to make a final settlement within the year had been "unreasonable and without sufficient cause," then the court might, "by decree, give such creditor relief against any assets" that might be in the hands of the executor or administrator.

Now, what are the assets in the hands of such an officer to which the statute extends this relief in behalf of "any creditor whose debt or demand shall be barred by such decree?" We think it is the balance, if any, in the officer's hands, after deducting the lawful claims presented within the time limited by the rule to bar and the lawful expenses of settling the estate. The proviso in section 68 of said act (*P. L. of 1898 p. 739*) points to the correctness of such a construction. Under it the officer, in paying the claims so presented, may pay, not only a claim duly verified under the act, but if he pay, in good faith, a claim not so verified, if it be proven to be a just claim on or before the final accounting, it is enjoined upon the court or surrogate to allow to the accountant the amount of such claim and demand, if

there be sufficient of said estate to pay the debts of equal degree with said claim and demand in full, &c.'

It is admitted that, as a consequence of the decree giving effect to the rule barring creditors who have not presented their claims, such barred creditors cannot sue the executor or administrator, nor look to such officer for payment. It is a logical deduction from this situation that, in a case like this, such officer should not, before final settlement, pay creditors thus barred by the decree, except at his own risk, without an order of the orphans court. With regard to the other creditors of the estate who may be barred, as well as to those entitled as distributees, the executor or administrator remains the trustee and custodian of the assets remaining after payment of debts and charges not within the bar of the statute until such final settlement; and before such officer can lawfully deal with the assets in payment of creditors who are barred or distributees, before final settlement, the direction of the orphans court must be sought. A justification for the payments in question is attempted, on the ground that the administratrix had no notice at the time of appellant's claim to be a creditor; that it had not filed its claim with the respondent as such officer under oath at any time. But, upon the principle just stated, such notice was not necessary, since the administratrix was without authority to make the payments, and it is plain that, under the eightieth section, it was not the duty of the appellant, as a barred creditor, to file its claim with the administratrix.

In *Ryder* v. *Wilson's Executors, 12 Vr. 9,* Chief-Justice Beasley very aptly stated the duty of such a creditor, under a kindred section of the Orphans Court act, in these words: "The remedy of the creditor who is in laches, and has not put in his claim, is, I think, to present such claim to the orphans court, and to bring in at the same time property not accounted for, and, under the direction and order of the court, to have his claim established, and the newly-discovered property distributed."

That the duty of the executor or administrator, as custodian of the assets thus remaining, is here correctly laid down, is further demonstrated by reference to other sections of the Orphans Court act bearing upon the question of relief to creditors who

are thus barred. Under sections 72, 77, 78 and 79 of said act, which, in various forms, extend relief to such barred creditors, where the estate has been settled and there has been a surplus for distribution, it will be noticed that almost invariably the recovery by the creditor is limited to a ratable proportion of his claim, plainly indicating that the relief intended was to be for all such barred creditors who should avail themselves of the remedy provided. A further effort is made to justify the payments excepted to, on the ground that the claims arose after the decree, and therefore are not within its bar. But this position is not tenable. The decedent's bond was unpaid at the time of his death, and the obligee could have presented his claim within the time limited. He did not do so, and hence his claim was within the bar of the statute. The heirs who paid the debt of the deceased seek to be exonerated by right of subrogation, and therefore cannot claim any equity superior to that of the obligee under whom they claim.

Upon the principles here stated it results that the administratrix, in paying the claims excepted to without the order or direction of the orphans court, acted without lawful authority. The exceptions must therefore be sustained, not as adjudging the claims to have been invalid, but that the payments were such as do not entitle them to a place on the credit side of the account. To that amount the balance of assets will be correspondingly increased. It will be the duty of the orphans court, therefore, to entertain the appellant's petition as filed and to proceed thereon in the manner pointed out by the statute already referred to. In the investigation of the matter, the court would necessarily have regard to the claims excepted to and filed with the administratrix, as well as to that of the appellant, requiring proof of the same if disputed. As to whether the contesting claims, if satisfactorily established, should be paid *pro rata* from the balance of the assets remaining, or whether either is entitled to priority in payment over the other, are questions yet to be considered by the court below in the light of these rulings, so that we deem it proper to express no opinion thereon.

The decree of the prerogative court is reversed, and a decree

23

will be entered therein reversing the orphans court and directing a decree in that court in accordance with the views herein expressed.

*For reversal*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, KRUEGER, ADAMS, VREDENBURGH, VOORHEES—12.

*For affirmance*—None.